**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSUE GUTIERREZ-CRUZ,<br>Petitioner,<br>v.<br>WARDEN OR FACILITY ADMINISTRATOR, ETC., ET AL.,<br>Respondents. | No. ED CV 26-4800-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

## BACKGROUND AND PROCEEDINGS

Petitioner, a native and citizen of Mexico, is a detainee of Immigration and Customs Enforcement ("ICE"). Petitioner most recently entered the United States without authorization on or about June 1, 2022, and Petitioner has resided in the United States ever since.

For years, Petitioner has been employed steadily and has lived with his long-time partner and United States citizen daughter, who is now three years old. Petitioner has no criminal convictions.

///

///

On June 24, 2026, Ventura County Sheriff's deputies arrested Petitioner for misdemeanor domestic violence and misdemeanor vandalism. On June 25, 2026, Petitioner pleaded not guilty and was released by state authorities.

As Petitioner left state custody, however, ICE agents immediately arrested Petitioner. The arresting agents' Form I-213 states, "Laken Riley Act - Mandatory Detention." Petitioner has been held in ICE detention without a hearing for more than two months. Removal proceedings are ongoing, and there is no final order of removal.

Contrary to the Form I-213, and contrary to the actions of the Government during Petitioner's two months of detention, Petitioner is not subject to mandatory detention. See 8 U.S.C. § 1226(c); Rodriguez-Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026).

On August 22, 2026, Petitioner filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition"). Petitioner contends that his arrest and detention without a prompt bond hearing violated his due process rights. On August 31, 2026, Respondents filed "Federal Respondents' Response to Petition for Writ of Habeas Corpus" ("the Response"). In the Response, the Government appears belatedly to acknowledge that Petitioner's detention was not mandatory, and that Petitioner therefore was entitled to a prompt bond hearing (which Petitioner did not receive). However, the Government opposes release, and also opposes a belated bond hearing (based on Petitioner's alleged failure to exhaust administrative remedies). On September 3, 2026, Petitioner filed a Reply.

**DISCUSSION**

Petitioner's more than two-months long detention without a hearing has violated his federal due process rights. The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld,

542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3). Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

An alien, such as Petitioner, who builds a substantial life in the United States over a period of years after entering without inspection develops a constitutionally protected liberty interest in remaining out of custody. See, e.g., Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026) ("Ramirez-Serna"); see also Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberties the government wields significant discretion retain a protected interest in their liberty."). As in Ramirez-Serna, Petitioner's months-long detention without a hearing violated federal due process. See Mathews.

Respondents suggest that any remedy should be limited to a belated bond hearing before an immigration judge. The suggestion is inapt. A belated bond hearing would not remedy the due process violation Petitioner unjustifiably has suffered. As in Ramirez-Serna, the most appropriate remedy for this violation would be to release Petitioner from detention on reasonable conditions and to prevent re-detention absent a hearing. See Ramirez-Serna, at 7; Maciel v. Noem, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy"); Domingo v. Kaiser, 2025 WL

1940179, at *3 (N.D. Cal. July 14, 2025) (even if the alien received a "prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm . . . that is, his potentially erroneous detention").

Finally, the Court rejects Respondents' argument that the Court must deny the Petition based on Petitioner's asserted failure to exhaust administrative remedies. The exhaustion requirement is prudential, not jurisdictional. See Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). Petitioner should not be required to forestall seeking this Court's assistance until after an immigration judge (and the Board of Immigration Appeals) have completed administrative proceedings. The present Petition claims a deprivation of constitutional due process, a claim not within the jurisdiction of the immigration judge or the Board of Immigration Appeals. "An exception to the exhaustion requirement has been carved for constitutional challenges to . . . [immigration procedures]." Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) (citations and quotations omitted). Moreover, requiring Petitioner to remain detained could cause irreparable harm. See Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (irreparable harm in continued detention of aliens under certain circumstances); see also Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (prudential exhaustion requirement may be waived where administrative remedies "are inadequate or not efficacious" or where "irreparable injury will result").

**CONCLUSION**

For all of the foregoing reasons, it is ordered that the Petition is granted in part: (1) Respondents must immediately release Petitioner (A# 246-061-842) from detention on reasonable conditions; and (2) Respondents are enjoined from any re-detention of Petitioner, absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing

evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 4, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[1] Petitioner has not justified any different or additional relief on the present record.